951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Peter J. PRYOR, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 91-9011.
 United States Court of Appeals, Tenth Circuit.
 Dec. 31, 1991.
 
 Before JOHN T. MOORE, TACHA and BRORBY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Mr. Pryor appeals, pro se, the decision of the Tax Court that dismissed his pro se complaint for failure to state a claim.
 
 
 4
 Mr. Pryor filed his 1040 income tax return for the year 1988. In this return, he claimed a deduction for casualty or theft loss in the amount of $78,694.01. He also deducted $39,312 for tax preparation, claiming his labor was stolen from him by the United States Government. Mr. Pryor asserted his thirty hours of labor constitutes personal property, which cannot be taken from him without just compensation. The Internal Revenue Service disallowed these deductions and asserted a deficiency.
 
 
 5
 Mr. Pryor then filed his pro se petition in tax court. Portions of Mr. Pryor's original petition read as follows:
 
 
 6
 (1) Petitioner's time, labor, energy and information needed by the government are the private personal property of Petitioner; (2) Petitioner has the RIGHT to determine the value of the property taken by the government for public use with-out [sic] just compensation; (3) property RIGHTS are protected by the U.S. Constitution; and (4) ... God revealed to Petitioner that ... [the law], which proposed the Sixteenth Amendment to the Constitution, is repugnant to and is in violation of ... the United States Constitution.
 
 
 7
 Mr. Pryor subsequently filed an amended complaint in tax court which, in summary, asserts the legislation leading to the adoption of the Sixteenth Amendment is unconstitutional.
 
 
 8
 The Government filed a motion to dismiss for failure to state a claim. Mr. Pryor failed to appear in court to respond to the Government's motion.
 
 
 9
 The tax court entered a three-page Memorandum Opinion noting the assertions were "oft discarded tax protestor type arguments" and granted the Government's motion.
 
 
 10
 In his brief to this court Mr. Pryor asserts: (1) the Congressional joint resolution proposing the Sixteenth Amendment was in fact a bill for raising revenue and is unconstitutional as it did not originate in the House of Representatives; and (2) Mr. Pryor, as a taxpayer is not liable for a direct tax not laid and collected without apportionment among the several states and without regard to any census or enumeration.
 
 
 11
 Mr. Pryor's arguments have previously been made to and rejected by this court. See Pryor v. United States, No. 90-1237 (10th Cir. Feb. 19, 1991); see also Charczuk v. C.I.R., 771 F.2d 471 (10th Cir.1985).
 
 
 12
 Mr. Pryor's arguments therefore have no merit and the decision and judgment of the tax court should be affirmed.
 
 
 13
 In his reply brief Mr. Pryor asserts the tax court, in effect, granted summary judgment without following specified procedures. This assertion is without merit and warrants no discussion.
 
 
 14
 The Commissioner asserts this appeal is legally frivolous and asks us to impose sanctions upon Mr. Pryor. We decline to do this in this case.
 
 
 15
 The judgment of the tax court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3